United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KOLLER, <br><br> Plaintiff, <br><br> v. <br><br> WEST BAY ACQUISITIONS, LLC ET AL., <br><br> Defendants. | No. C 12-00117 CRB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Defendants, West Bay Acquisitions, LLC, Christopher Runci, LLC, Christopher Runci, and Todd Harraka ("Defendants"), move this Court to dismiss Plaintiff Scott Koller's ("Plaintiff's") Complaint on the grounds that: (1) Plaintiff has not properly alleged that Defendants engaged in any false or misleading conduct in violation of the FDCPA, specifically 15 U.S.C. §§ 1692e and 1692f; (2) Plaintiff's claim that Defendants violated the Rosenthal Fair Debt Collection Practices Act must fail because Plaintiff has not alleged a violation of the FDCPA; and (3) Plaintiff has not properly alleged an economic injury for purposes of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.

Plaintiff has sufficiently alleged false or misleading conduct for the purposes of some, but not all, of his FDCPA claims and for his Rosenthal Act claim. Accordingly, this Court DENIES Defendants' motion to dismiss Plaintiff's 15 U.S.C. §§ 1692e(2), (5), (10), and 1692f(1) claims and Rosenthal Act claim, and GRANTS Defendants' motion to dismiss

Plaintiff's 15 U.S.C. § 1692e(8), (14), and California UCL claims. This Court grants Plaintiff leave to amend his claims.

## I. BACKGROUND

This case concerns a debt allegedly owed to Hollywood Video, which declared bankruptcy in 2010. Compl. (dkt. 1) ¶ 21. As part of the bankruptcy proceedings, a trustee was appointed to collect certain assets, including late fees and product charges incurred by former customers. Id. ¶¶ 22-23. The debt collection agencies with whom the trustee originally contracted to collect these customer debts engaged in objectionable debt collection practices, leading to a Stipulation and Agreed Order ("the Order") in the Eastern District of Virginia with the Attorneys General of all fifty states. Id. ¶ 26; Safier Decl. (dkt. 18) Ex. A. The Order governs all debt collection actions taken with regard to these Hollywood Video customer accounts and prohibits, *inter alia*, the collection of stand-alone product charges and the threat or implication that these customer debts will be reported to credit reporting agencies. Compl. ¶ 28; Safier Decl. Ex. A. Defendants are bound by the Order when attempting to collect on any of these customer accounts, including Plaintiff's account. Compl. ¶ 30.

On December 6, 2011, Plaintiff received a debt collection notice from Defendant West Bay Acquisitions, LLC ("West Bay") concerning a debt of $49.98 allegedly owed to Hollywood Video. Id. ¶¶ 41-42. The letter stated that West Bay is "the authorized agent for the legal successor of Hollywood Video" and that the debt is "owed to" West Bay. Id. ¶ 42; Heaton Decl. (dkt. 14) Ex. A. Plaintiff does not believe that he owes this debt to Hollywood Video because he confirmed in 2009 with the store manager at his local Hollywood Video store that he had no outstanding videos to return or unpaid fees, and did not engage in subsequent transactions with Hollywood Video. Compl. ¶ 40.

Plaintiff alleges that the true business name of West Bay is Christopher Runci, LLC (doing business as Runci Group) and that Christopher Runci and Todd Harraka are principals of both West Bay and Runci Group. Id. ¶¶ 5, 6, 34. Plaintiff brings this suit as a putative class action. Id. ¶ 49.

2

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standing

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Article III standing is a threshold requirement for federal court jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). Standing requires the party invoking federal jurisdiction to show that it has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision." Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. The burden is on the party invoking federal jurisdiction to establish these elements. Id. at 561.

### B. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

### C.  Rule 9(b) Fraud Claims

A plaintiff alleging fraud or claims that sound in fraud must satisfy the heightened pleading standard of Rule 9(b), which requires the circumstances constituting fraud to be pled with particularity. Fed. R. Civ. P. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106-07 (9th Cir. 2002). Rule 9(b) also "requires an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764 (internal quotation marks omitted).

## III.  DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff has not properly alleged that Defendants engaged in any false or misleading conduct in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f; (2) Plaintiff's claim that Defendants violated the Rosenthal Fair Debt Collection Practices Act must fail because Plaintiff has not alleged a violation of the FDCPA; and (3) Plaintiff has not properly alleged an economic injury for purposes of the UCL.

### A.  15 U.S.C. § 1692e

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Conduct that violates § 1692e includes, but is not limited to, the acts specifically enumerated in the subsections of § 1692e. Plaintiff alleges that Defendants' conduct violates § 1692e(2), (5), (8), (10), and (14). Compl. at 12-13.[1] Plaintiff has successfully stated a claim for violation of subsections (2), (5), and (10), but not for subsections (8) and (14).

The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1175-76 (9th Cir. 2006). Violations of the FDCPA, including § 1692e,

---

[1] Due to misnumbering of paragraphs in the Complaint, this Court cites the Complaint by page number instead.

4

need not be knowing or intentional. Id. The question of whether a misrepresentation in a debt collection notice is false or misleading is judged under the "least sophisticated debtor" standard. Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1098-100 (9th Cir. 1996). A misrepresentation violates § 1692e (and similar provisions of the FDCPA) when the hypothetical least sophisticated debtor would be deceived or misled by the misrepresentation. See id. "The objective least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Terran v. Kaplan, 109 F.3d 1428, 1431-32 (9th Cir. 1997). Application of the least sophisticated debtor standard is a matter of law, see Del Campo v. Am. Corrective Counseling Serv., Inc., 718 F. Supp. 2d 1116, 1132 (N.D. Cal. 2010), but is often more appropriate in the context of a summary judgment motion than a motion to dismiss, see Dorner v. Commercial Trade Bureau, No. CIV-F-08-0083 AWI SMS, 2008 U.S. Dist. LEXIS 70425, at *16-17 (E.D. Cal. Apr. 10, 2008) (collecting cases).

As a preliminary matter, Defendants argued in their papers and at the motion hearing that Plaintiff's § 1692e claim is somehow harmed by Plaintiff's failure to take advantage of the FDCPA's debt validation procedures before filing suit. Mot. to Dismiss (dkt. 15) at 6-7. However, there is no requirement that a plaintiff must attempt to validate a debt before filing a suit alleging violations of the FDCPA. Palmer v. I.C. Sys., Inc., No. C-04-03237 RMW, 2005 WL 3001877, at *5 (N.D. Cal. Nov. 8, 2005). A plaintiff who does not dispute the debt before the final collection attempt may not assert an FDCPA claim based solely on the allegation that the debt collector has attempted to collect an invalid debt. Id. That is not the situation here, because there has been no final collection attempt and Plaintiff has requested validation of the debt. See Safier Decl. Ex. B (Plaintiff's letter disputing the debt, sent to Defendants on January 5, 2011).

**1. § 1692e(2)**

Section 1692e(2) prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendants violated § 1692e(2) by representing (1) that Plaintiff owed $49.98 when Plaintiff in fact did not;

5

1  (2) that Plaintiff's debt is legally owed under Plaintiff's agreement with Hollywood Video,
2  when in fact the debt is a stand-alone product charge that cannot be collected under the
3  Order; and (3) that West Bay is both the authorized agent of Hollywood Video's legal
4  successor and the owner of Plaintiff's debt.  Compl. at 12.  Plaintiff has stated a valid claim
5  for violation of § 1692e(2) to the extent that his claim rests on the first two allegations, but
6  the claim is dismissed to the extent that it rests on the third allegation.

7  As to the first two allegations, Defendants argue that they cannot be liable for
8  attempting to collect debts Plaintiff does not actually owe to Hollywood Video because "the
9  FDCPA does not impose liability on a debt collector that is simply trying to collect the
10 amount assigned by its client."  Mot. at 5.  Defendants are partially correct.  A debt collector
11 is not liable for violations of the FDCPA when they are "not intentional and resulted from a
12 bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid
13 any such error."  15 U.S.C. § 1692k(c); Clark, 460 F.3d at 1176-77.  Thus, "if a debt
14 collector reasonably relies on the debt reported by the creditor, the debt collector will not be
15 liable for any errors."  Clark, 460 F.3d at 1177.  However, "the bona fide error defense will
16 not shield a debt collector whose reliance on the creditor's representation is unreasonable or
17 who represents to the consumer a debt amount that is different from the creditor's report."
18 Id.

19 Taking Plaintiff's allegations about the status and character of the debt as true,
20 Plaintiff has stated a claim for violation of § 1692e(2).  If Defendants attempted to collect a
21 debt that Plaintiff did not actually owe or attempted to collect a stand-alone product charge,
22 they would be liable under the FDCPA unless they could successfully establish a bona fide
23 error defense.  It is not appropriate to determine at this stage whether Defendants' reliance on
24 Hollywood Video's representation about Plaintiff's debt was reasonable.  That determination
25 will require development of the factual record.

26 As to the third allegation, that Defendants falsely represented the ownership of
27 Plaintiff's debt, Defendants argue that the two statements on the letter sent to Plaintiff were
28 not contradictory because "owed to" does not mean "owned by."  Mot. at 11.  In other words,

6

Defendants contend that it is correct to say that the debt is owed to West Bay <u>because</u> West Bay is Hollywood Video's authorized agent.

Plaintiff contends that West Bay cannot simultaneously be the authorized agent of the debt's owner as well as the one to whom the debt is owed because in Plaintiff's view, "owed to" and "owned by" are synonymous. Opp'n (dkt. 17) at 12. However, Plaintiff does not offer any legal authority for this otherwise unconvincing proposition. In the context of this debt collection notice, which also states that payment should be remitted to West Bay, <u>see</u> Heaton Decl. Ex. A, it seems clear that the debt is "owed to" West Bay in the sense that West Bay is the organization to whom payment should be remitted. It is not plausible that even the least sophisticated debtor would be confused by the statements that the West Bay is both the agent of the owner of the debt and that the debt is owed to West Bay. Thus, Plaintiff has failed to state a claim for violation of § 1692e(2) to the extent that the claim is based on the argument that the "agent of" and "owed to" statements on the debt collection notice were misleading.

### 2. § 1692e(5)

Section 1692e(5) prohibits "threat[s] to take any action that cannot legally be taken or that is not intended to be taken" in debt collection. 15 U.S.C. § 1692e(5). Plaintiff alleges that Defendants violated § 1692e(5) by threatening adverse credit reporting, which is prohibited by the Order. Compl. at 12-13. Specifically, the Order prohibits Defendants from "stat[ing], suggest[ing], imply[ing] or otherwise represent[ing] to any customer that their refusal to pay . . . could result in adverse credit reporting." Safier Decl. Ex. A, at 5.

Defendants argue that reference to "continued collection efforts" is not a false threat to report the debt to credit reporting agencies because the words "credit reporting" are not used in the letter at all. Mot. at 13. However, even vague language can constitute a threat when it "create[s] the impression that . . . action by defendant is a real possibility." <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 779 (9th Cir. 1982). The debt collector need not make an explicit statement or threat in order to violate § 1692e(5). <u>See</u> <u>Quicho v. Mann Bracken, LLC</u>, C07-3478 BZ, 2007 WL 2782971, at *2 (N.D. Cal. Sept. 25, 2007). Additionally,

7

here, even less-than-explicit threats can violate the Order because it prohibits even an implication or suggestion of adverse credit reporting.

Courts apply § 1692e(5) most often in the context of threats of legal action, rather than credit reporting, and have consistently found that vague threats to take "further action," for example, can imply that the debt collector will take legal action. See, e.g., Canlas v. Eskanos & Adler, P.C., No. C 05-00375 JF, 2005 U.S. Dist. LEXIS 43380, at *7-8 (N.D. Cal. July 6, 2005). As one court explained, "[T]he least sophisticated debtor would be reasonable to interpret the threat of 'further steps' to mean legal action. Indeed, given our rather litigious society, an individual not well versed in the mechanics of debt collection may very well consider legal action to be the next possible - and probable - 'step.'" Perretta v. Capital Acquisitions & Mgmt. Co., No. C-02-05561 RMW, 2003 U.S. Dist. LEXIS 10070, at *15 (N.D. Cal. May 5, 2003). The court also noted that the "vague nature of defendant's statement lends itself to such an interpretation." Id.

If the least sophisticated debtor could read vague references to further collection actions as a threat to take future legal action, then the least sophisticated debtor surely could read "continued collection efforts" to include adverse credit reporting, as credit reporting is one of the most commonly taken steps in debt collection efforts. Accordingly, Plaintiff has stated a claim for violation of § 1692e(5).

### 3. § 1692e(8)

Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Plaintiff alleges that Defendants violated § 1692e(8) by representing that Plaintiff owed $49.98 when Plaintiff in fact did not.[2] Compl. at 13. However, § 1692e(8) concerns communications to third parties, not to the debtor. See Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2010). Because Plaintiff's claim is only that Defendants violated § 1692e(8) by

---

[2] Plaintiff erroneously cited § 1692e(7) rather than (8) in the Complaint. Opp'n at 8 n.2. The language cited in both the Complaint and the Opposition is the text of § 1692e(8), not § 1692e(7), and Plaintiff corrects the error in the Opposition.

8

communicating with Plaintiff but not with any third party, Plaintiff has failed to state a claim for violation of § 1692e(8).

### 4. § 1692e(10)

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff alleges that Defendants violated § 1692e(10) by (1) representing that Plaintiff owed $49.98 when Plaintiff in fact did not; (2) representing that West Bay is both the authorized agent of Hollywood Video's legal successor and the owner of Plaintiff's debt; and (3) threatening adverse credit reporting. Compl. at 13.

As previously discussed, Plaintiff has not stated a claim with regard to the "agent of" and "owed to" statements, but has stated a claim with regard to Defendants' attempt to collect an allegedly invalid debt and with regard to Defendants' alleged threat of adverse credit reporting. Defendants' motion to dismiss Plaintiff's § 1692e(10) claim is therefore denied.

### 5. § 1692e(14)

Section 1692e(14) prohibits debt collectors from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization" in debt collection. 15 U.S.C. § 1692e(14). Plaintiff alleges that Defendants violated § 1692e(14) by (1) attempting to collect debts under the name "West Bay" when the true name of Defendants' business, company, or organization was either Christopher Runci, LLC (d/b/a Runci Group), Christopher Runci, or Todd Harraka; and (2) representing that West Bay is both the authorized agent of Hollywood Video's legal successor and the owner of Plaintiff's debt. Compl. at 13.

"[A] debt collector's 'true name' encompasses not only its formal corporate name, but also the name under which it usually transacts business." Mahan v. Retrieval-Masters Credit Bureau, Inc., 777 F. Supp. 2d 1293, 1299 (S.D. Ala. 2011). It is not false or misleading for the purposes of § 1692e(14) for a debt collector to use "the registered or licensed name under which it transacts business - rather than its formal corporate name - in debt collection

9

communications." Id.; see also Orenbuch v. N. Shore Health Sys., Inc., 250 F. Supp. 2d 145, 148, 151-52 (E.D.N.Y. 2003) (holding that it was not false or misleading for the defendant to collect debts under the name of one of its subdivisions because the subdivision's name was a registered with the State as a trade name and because that name was the one "by which [the defendant] transacts business and holds itself out to the public").

Plaintiff has not alleged that Defendants attempted to collect debts under a name that they were not legally entitled to use. Additionally, as previously discussed, Defendants' statements that West Bay was the authorized agent and that the debt was owed to West Bay are not misleading. Plaintiff has therefore failed to state a claim for violation of § 1692e(14).

### B. 15 U.S.C. § 1692f(1)

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Such unfair and unconscionable means include "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1). Plaintiff alleges that Defendants violated § 1692f(1) because the debt Defendants tried to collect from Plaintiff was not authorized by the agreement between Plaintiff and Hollywood Video, by the agreement between Defendants and Hollywood Video, or by the Order. Compl. at 14.

Whether the debt Defendants attempted to collect from Plaintiff was authorized by the agreement between Plaintiff and Hollywood Video is a question of fact and cannot be resolved on a motion to dismiss. See Palmer, 2005 WL 3001877, at *6. The same is true of whether Defendants attempted to collect a stand-alone product charge. Taking Plaintiff's factual allegations as true, Plaintiff has stated a claim for violation of § 1692f(1).

### C. Rosenthal Fair Debt Collection Practices Act

The Rosenthal Act requires debt collectors attempting to collect debts in California to comply with the FDCPA, specifically 15 U.S.C. §§ 1692b through 1692j. Cal. Civ. Code

§ 1788.17. The Rosenthal Act also prohibits "[t]he use, or threat of use, of physical force or violence or any criminal means to cause harm to the person, or the reputation, or the property of any person" in debt collection. Id. § 1788.10(a). Plaintiff alleges that Defendants violated the Rosenthal Act by violating the FDCPA. Compl. at 15. Similarly, Defendants argue that Plaintiff has not stated a claim for violation of the Rosenthal Act because Plaintiff has not stated a claim for violation of the FDCPA. Mot. at 16. Defendants do not offer any independent argument for why their conduct does not violate the Rosenthal Act. Thus, because Plaintiff has stated a valid claim for violations of the FDCPA, Plaintiff has stated a claim for violation of the Rosenthal Act.

### D. California's Unfair Competition Law

Plaintiff alleges that Defendants violated the UCL by (1) deceptively representing that Plaintiff owed $49.98, (2) failing to inform Plaintiff that there would be no adverse credit reporting if Plaintiff did not pay the debt, (3) deceptively representing that West Bay is both the authorized agent of Hollywood Video's legal successor and the owner of Plaintiff's debt, (4) violating the FDCPA, (5) violating the Rosenthal Act, and (6) violating the Order. Compl. at 16. Plaintiff's UCL claim is dismissed because Plaintiff lacks standing to assert such a claim.

Claims may be brought under the UCL only by those who have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. A plaintiff has suffered an injury in fact for purposes of the UCL when he or she has "(1) expended money due to the defendant's acts of unfair competition, (2) lost money or property, or (3) been denied money to which he or she has a cognizable claim." Chao v. Aurora Loan Servs., LLC, No. 10-03383 SBA, 2011 WL 6963098, at *11 (N.D. Cal. Sept. 13, 2011) (citing Hall v. Time Inc., 70 Cal. Rptr. 3d 466, 470-71 (Ct. App. 2008)).

Plaintiff does not allege that he has expended, lost, or been denied any money as a result of Defendants' actions. Moreover, contrary to Plaintiff's assertions, the fee required to file the instant suit does not satisfy the injury in fact requirement. If a filing fee were sufficient, then the injury in fact requirement would be meaningless because "any plaintiff

11

filing suit would be able to show injury." <u>Selby v. Bank of Am., Inc.</u>, No. 09cv2079 BTM(JMA), 2010 WL 4347629, at *8 (S.D. Cal. Oct. 27, 2010); <u>cf.</u> <u>Palmer v. Stassinos</u>, 419 F. Supp. 2d 1151, 1154 (N.D. Cal. 2005) ("It is undisputed that plaintiff did not lose money or property as a result of [the defendant sending letters that violated the FDCPA], nor has she suffered any other cognizable injury in fact."). For the same reason, the time and money Plaintiff spent in preparing for and filing this suit cannot satisfy the injury in fact requirement.[3] Accordingly, Plaintiff's UCL claim is dismissed for lack of standing.

## IV. CONCLUSION

For the foregoing reasons, this Court DENIES Defendants' motion to dismiss Plaintiff's 15 U.S.C. §§ 1692e(2), (5), (10), and 1692f(1) claims and Rosenthal Fair Debt Collection Practices Act claim and GRANTS Defendants' motion to dismiss Plaintiff's 15 U.S.C. § 1692e(8), (14), and California UCL claims. This Court grants Plaintiff leave to amend his complaint.

**IT IS SO ORDERED.**

Dated: April 9, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff cites <u>Janti v. Encore Capital Group, Inc.</u>, No. 09CV1969 JLS (CAB), 2010 WL 3058260, at *7 (S.D. Cal. Aug. 3, 2010), for the proposition that a filing fee may satisfy the injury in fact requirement. Although <u>Janti</u> did concern the fee a plaintiff paid to file a FDCPA action against a debt collector, <u>Janti</u>'s conclusion was based on <u>Tourgeman v. Collins Financial Services, Inc.</u>, No. 08-CV-01392 JLS (NLS), 2009 WL 6527758, at *7 (S.D. Cal. Nov. 23, 2009), in which a plaintiff's legal <u>defense</u> fees were held to satisfy the injury in fact requirement. Costs expended to defend against litigation are very different than costs expended to file suit: defense costs are imposed upon a party, while the choice whether to file suit is voluntary. The cost of filing suit is arguably an indirect result of the defendant's conduct, but the injury in fact requirement does not seem to encompass indirect harms of this kind. For this reason, this Court does not believe that the conclusion in <u>Janti</u> is correct.

The case Plaintiff cites for the proposition that time spent preparing a claim satisfies the injury in fact requirement can also be distinguished. In that case, <u>Southern California Housing Rights Center v. Los Feliz Towers Homeowners Ass'n</u>, the issue was whether a fair housing organization had suffered an injury in fact when it diverted staff time away from other clients in order to investigate the case at issue. 426 F. Supp. 2d 1061, 1068-69 (C.D. Cal. 2005). Here, Plaintiff alleges simply that he expended resources in order to investigate his own case, but not that resources were diverted away from aiding others.